THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC 22 P 1:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

* * * * * * * * * * * * * * * * * * * *

Roger Dunn And Janet Dunn          **03   12588 DPW**

    Plaintiffs,

v.                                           COMPLAINT AND
                                             DEMAND FOR JURY
Matthew Whitcomb, Diane Campbell,            TRIAL
Robert Campbell And Matthew Campbell

    Defendants.                    MAGISTRATE JUDGE Collings

* * * * * * * * * * * * * * * * * * * *

    The plaintiffs, Roger and Janet Dunn, by and through their attorneys, Shaines & McEachern, P.A., respectfully file this Complaint against the defendants, Matthew Whitcomb, Diane Campbell, Robert Campbell, and Matthew Campbell. The plaintiffs request a jury trial based upon the following facts:

## PARTIES

    1.    Plaintiff, Roger Dunn, is a citizen of the State of New Hampshire residing at 23R Depot Road, Stratham, New Hampshire 03885.

    2.    Plaintiff, Janet Dunn, is a citizen of the State of New Hampshire residing at 23R Depot Road, Stratham, New Hampshire 03885.

    3.    Defendant, Matthew Whitcomb, is a citizen of the Commonwealth of Massachusetts residing at 18 Ruggles Road, Orleans Massachusetts, 02653.

    4.    Defendant, Diane Campbell, is a citizen of the Commonwealth of Massachusetts residing at 128 Governor Bradford Road, Brewster, Massachusetts 02631.

RECEIPT # 52674
AMOUNT $ 150 -
SUMMONS ISSUED 4
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-22-03

1

5.    Defendant, Robert Campbell, is a citizen of the Commonwealth of Massachusetts residing at 128 Governor Bradford Road, Brewster, Massachusetts 02631.

6.    Defendant, Matthew Campbell, is an individual residing at 128 Governor Bradford Road, Brewster, Massachusetts 02631.

## JURISDICTION AND VENUE

7.    Jurisdiction over this matter exists pursuant to 28 U.S.C.A. § 1332(a)(1), based upon the diversity of citizenship of all parties and a matter in controversy in excess of the statutory minimum.

8.    Venue exists pursuant to 28 U.S.C.A. § 1391(a)(1), in that the defendants reside in this Court's judicial district.

## BACKGROUND FACTS

9.    This case involves a three-car collision that occurred on the morning of January 15, 2001 in Stowe, Vermont. At the time of the accident it was snowing and although the roads had been plowed there was an accumulation of snow and slush in the center as well as on the right side of the road.

10.    The plaintiff, Roger Dunn, was operating his 1989 Range Rover south on Mountain Road in Stowe. Mr. Dunn was operating his vehicle in the exercise of due care.

11.    The plaintiff, Janet Dunn, was in the passenger seat of the 1989 Range Rover.

12.    The defendant, Matthew Whitcomb, was driving a 1989 Toyota RS5, owned by Diane and Robert Campbell, heading north on Mountain Road. Two passengers, Matthew Campbell and Nick Pester, were in the vehicle driven by Matthew Whitcomb.

2

13.    Mr. Whitcomb lost control of the Toyota, veered into the southbound lane and struck Mr. Dunn's vehicle, and then collided with a third vehicle which had been traveling south on Mountain Road behind the Dunn vehicle.

14.    Prior to the collision Mr. Dunn saw that Mr. Whitcomb had lost control of the vehicle, and tried to avoid the accident. Mr. Dunn pulled to the right to give Mr. Whitcomb room, but was struck along the left rear of his vehicle causing his Range Rover to be forcibly propelled into a snowbank.

15.    The Stowe, Vermont Police investigated the accident and determined that Mr. Whitcomb was at fault, citing excessive speed and poor tires as the cause of the accident. Three (3) of the four (4) tires on the Toyota had little or no tread.

16.    In addition, at the time of the accident, Mr. Whitcomb was operating a motor vehicle without a driver's license, having had his license suspended in Massachusetts.

17.    Mr. Dunn's vehicle sustained at least $8,700.00 in damages in the accident.

18.    As a result of the accident, Mr. Dunn sustained bodily injuries to his neck and back. He began treating with a physician in early February, 2001. His primary limitation at that time was that he could not sit at his computer monitor for more than one hour before the pain necessitated his getting up and moving around.

19.    Mr. Dunn is a computer programmer by vocation, and prior to this accident he worked at his computer in excess of 11 hours per day.

20.    Mr. Dunn was severely and permanently injured due to this accident and has incurred substantial medical expenses as a result of these injuries, and will in the future be compelled to expend money for ongoing medical treatment.    In addition, due to Mr. Dunn's medical injuries and limitations, he has and will in the future continue to suffer from a loss of earning capacity.    Mr. Dunn, also, seeks to be reimbursed for the property damage to vehicle.

## COUNT I
## (MATTHEW WHITCOMB)
## NEGLIGENCE

21.    The plaintiffs restate, reallege and incorporate herein all facts and allegations stated above.

22.    That defendant, Matthew Whitcomb, knew, or in the exercise of reasonable care, should have known that driving at excessive speed on bald tires when it is snowing and the road has an accumulation of snow and slush had the foreseeable potential of exposing other drivers, like Mr. Dunn, to suffer serious personal injury and property damage.

23.    Mr. Whitcomb owed a duty to other motor vehicle drivers not to drive when his license had been suspended, to operate his vehicle in a safe and reasonable manner, and to drive on the right half of the roadway as required by Title 23 of the Vermont Statutes § 1031.

24.    Nevertheless and wholly unmindful of these duties, the defendant did fail in the performance of said duties by driving without a license, with excessive speed during icy conditions, having poor tire treads on three (3) of the four (4) tires, and by driving on the left half of the road, thereby, driving into on coming traffic.

25. As a direct and proximate cause of the defendant's breach of duty, Mr. Dunn's vehicle was struck, causing substantial damage to the vehicle and causing Mr. Dunn severe and painful permanent injuries.

26. As a result of Mr. Dunn's personal and medical injuries, he was forced to expend large sums of money for medical care, has suffered and continues to suffer severe pain, and will continue to suffer and experience such damages as well as limitations in movement and activities. In addition, Mr. Dunn's vehicle sustained damage in the accident.

27. That the plaintiff, Roger Dunn, is entitled to full, fair and adequate damages for the injuries resulting from the defendant's negligence including injuries received, physical and mental pain and suffering, medical bills sustained, loss of earning capacity and loss of enjoyment of life, all damages being past, present and future. The plaintiff is also entitled to full, fair and adequate damages to his vehicle.

28. All to the damage of the plaintiff as he says, in a sum within the minimum and maximum jurisdictional limits of this Court.

## COUNT II
## (DIANE CAMPBELL, ROBERT CAMPBELL
## AND MATTHEW CAMPBELL)
### Negligent Entrustment

29. The plaintiffs restate, reallege and incorporate herein all facts and allegations stated above.

30. Diane Campbell and Robert Campbell are the parents of Matthew Campbell, who was a passenger in the vehicle driven by Matthew Whitcomb at the time of the accident.

31.    Matthew Whitcomb was driving the vehicle on the January 15, 2001 with the permission of Diane Campbell, Robert Campbell and Matthew Campbell.

32.    Due to his suspended license, excessive speed and defective tires, Matthew Whitcomb was incompetent to operate Diane and Robert Campbell's vehicle on the day of the accident.

33.    Diane Campbell, Richard Campbell and Matthew Campbell owed a duty to other drivers not to entrust a vehicle to Matthew Whitcomb.

34.    Diane Campbell, Richard Campbell and Matthew Campbell knew or should have known that Matthew Whitcomb had a suspended license, was a careless driver, and that the vehicle was equipped with defective tires at the time the motor vehicle was entrusted to Matthew Whitcomb.

35.    As a direct, proximate and foreseeable  result of the actions of Diane Campbell, Richard Campbell and Matthew Campbell, Roger Dunn was caused to suffer personal and medical injuries.  He was forced to expend large sums of money for medical care, has suffered and continues to suffer severe pain, and will continue to suffer and experience such damages as well as limitations in movement and activities.  In addition, Mr. Dunn's vehicle sustained damage in the accident.

36.    All to the damage of the plaintiff as he says, in a sum within the minimum and maximum jurisdictional limits of this Court.

## COUNT III
### (MATTHEW WHITCOMB, DIANE CAMPBELL, ROBERT CAMPBELL AND MATTHEW CAMPBELL) LOSS OF CONSORTIUM

37.   The plaintiffs restate, reallege and incorporate herein all facts and allegations stated above.

38.   At the time of Mr. Dunn's injury as described above, and at all times thereafter, Janet T. Dunn was the wife of Roger N. Dunn.

39.   As a result of the actions described above, Mrs. Dunn has suffered and will continue to suffer loss of consortium.

40.   As a result of the loss of consortium, Mrs. Dunn has been damaged and has suffered other loss along with applicable costs, expenses and statutory interest, in an amount within the minimum and maximum jurisdictional limits of this Court.

WHEREFORE, plaintiffs request judgment be entered against defendants, ordering:

A.  That the defendants be required to pay the plaintiff, Roger Dunn, for  damages arising from the defendant's negligence;

B.  That the defendants be required to pay the plaintiff, Janet Dunn, for damages arising from the defendants negligence; and,

C.  All other and further relief that this Court deems just and proper, together with costs, and attorney's fees as against the defendants.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury as to all issues.

7

Respectfully submitted,

Roger and Janet Dunn,
By Their Attorneys,
Shaines & McEachern, P.A.

Dated: December 16, 2003

Robert A. Shaines, Esq.
Shaines & McEachern, P.A.
25 Maplewood Avenue
P.O. Box 360
Portsmouth, NH 03802-0360
(603) 436-3110
BBO# 453100