THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
Roger Dunn and Janet Dunn              *
                                       *
        Plaintiffs,                    *
                                       *
v.                                     *
                                       *      No. 03-12588-DPW
Matthew Whitcomb, Diane Campbell,      *
Robert Campbell and Matthew Campbell   *
                                       *
        Defendants,                    *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### ANSWER OF THE DEFENDANTS, MATTHEW WHITCOMB, DIANE CAMPBELL, ROBERT CAMPBELL AND MATTHEW CAMPBELL, TO THE PLAINTIFFS' COMPLAINT

NOW COME, the defendants, Matthew Whitcomb, Diane Campbell, Robert Campbell and Matthew Campbell in the above entitled action, by and through their attorneys, Desmarais, Ewing and Johnston, PLLC and hereby submit their answer to the plaintiff's Complaint as follows;

### FIRST DEFENSE

### PARTIES

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

## RETURNING JURISDICTION VENUE

7.   The Complaint speaks for itself.

8.   The Complaint speaks for itself.

## BACKGROUND FACTS

9.   Admitted to the extent that the defendants agree that there was a three car collision occurring on January 15, 2001 in Stowe, Vermont. Denied as to the precise allegations of precipitation on or about the roadway.

10.   Deny.

11.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.   Admit.

13.   Deny.

14.   Deny.

15.   Admitted to the extent that paragraph 15 summarizes the conclusions made by the Vermont police officer. Denied to the extent that said conclusions are true.

16.   Deny.

17.   Deny.

18.   Deny.

19.   Deny.

20.   Deny.


## COUNT I

21.   The defendants' answers to paragraphs 1 through 21 are repeated, reasserted and incorporated herein by reference.

22.   Deny.

23.   Deny.

24.   Deny.

25.   Deny.

26.   Deny.

27.   Deny.

28.   Deny.

## COUNT II

29.   The defendants' answers to paragraphs 1 through 28 are repeated, reasserted and incorporated herein by reference.

30.   Admit.

31.   Deny.

32.   Deny.

33.   Deny.

34.   Deny.

35.   Deny.

36.   Deny.

## COUNT III

37.   The defendants' answers to paragraphs 1 through 36 are repeated, reasserted and incorporated herein by reference.

38. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. Deny.

40. Deny.

41. Deny.

## SECOND DEFENSE

At the time of the alleged accident, the motor vehicle alleged to be involved in the accident was not being operated by an agent or an employee of the defendants', Diane Campbell, Robert Campbell and was not being operated under their direction or control.

## THIRD DEFENSE

The plaintiffs' were more than 50% at fault in causing alleged injuries and, therefore, are barred from recovery by the comparative negligence statute.

## FOURTH DEFENSE

If the plaintiffs are entitled to recover against the defendants, any such recovery must be reduced in accordance with the comparative negligence statute, since the negligence of the plaintiffs were the proximate cause of injuries allegedly sustained.

## FIFTH DEFENSE

The plaintiffs have failed mitigate, minimize or avoid damages, if any, alleged in the plaintiff's complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

## SIXTH DEFENSE

The acts or omissions which were alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendants and through these actual omissions the defendants are not legally responsible.

## SEVENTH DEFENSE

The defendants reserve the right to amend said affirmative defenses pursuant to Fed. R. Civ. P. 8(c) upon the completion of discovery and upon due notice to plaintiffs prior to trial.

## THE DEFENDANTS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE

DATE: 2/2/04

Respectfully submitted,

The defendants,

Matthew Whitcomb,
Diane Campbell, Robert Campbell
and Matthew Campbell

By their counsel,

DESMARAIS, EWING &
JOHNSTON, PLLC

By: _____
Brett J. Harpster BBO# 629146
175 Canal Street
Manchester, NH 03101
(603) 623-5524

## CERTIFICATE OF SERVICE

I hereby certify that this Motion has been forward this 2nd day of February, 2004 to Robert A. Shaines, Esquire, plaintiffs' attorney.

_____
Brett J. Harpster